## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

CRYSTAL LEMAY, an individual

       Plaintiff,

vs.

                           CASE NO.

UCMS, LLC d/b/a UNIVERSAL
CONTRACTING FLORIDA, a
Foreign Limited Liability
Company.

       Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CRYSTAL LEMAY ("Plaintiff" or "Lemay"), through undersigned counsel, files this Original Complaint and Demand for Jury Trial against Defendant, UCMS, LLC d/b/a UNIVERSAL CONTRACTING FLORIDA, ("Defendant" or "UCMS") a Foreign Limited Liability Company, and states as follows:

## PRELIMINARY STATEMENT

1.    This is a claim by Plaintiff CRYSTAL LEMAY against her former employer, UCMS, LLC d/b/a UNIVERSAL CONTRACTING FLORIDA for violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, the Americans with Disabilities Act, as amended ("ADAAA"), 42 U.S.C. § 12101, *et seq*, Section 510 of the Employee Retirement Income Security Act

1

("ERISA"), 29 U.S.C. § 1001, *et seq*., and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760 *et. seq.*

2.      In enacting the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), Congress wished to remedy its finding that employees with serious health conditions have "inadequate job security" when they have to leave work for temporary periods. *See* 29 U.S.C. § 2601(a)(4).  The FMLA provides eligible employees, like Lemay with unpaid, job-protected leave in the event they are suffering from a serious medical condition.  26 U.S.C. § 2612(a)(1).  An employee that takes FMLA protected leave is entitled to return to the same position after coming back to work.  29 U.S.C. § 2614(a)(1).  Further, the FMLA makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA. 29 U.S.C § 2615(a)(1). Likewise, it is unlawful for an employer to discharge or discriminate against any individual for opposing any practice made unlawful under the FMLA.  29 U.S.C. § 2615(a)(2).

3.      The Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq*., as amended (the "ADAAA"), is a remedial statute aimed at combating Congress's findings that discrimination against individuals with physical or mental disabilities persist in critical areas like employment, and our nation's goals with respect to individuals with disabilities is to assure equality of

opportunity and participation. 42 U.S.C. § 12101(a)(1)-(8).  The ADAAA is meant to protect qualified employees, like Lemay, from discrimination, harassment and retaliation in the workplace an account of a real or perceived mental or physical disability.  42 U.S.C. § 12112.  Therefore, termination on account of an employee's real or perceived disability is unlawful, as well as retaliating against an employee for having requested a reasonable accommodation.

4.     The Employee Retirement Income Security Act ("ERISA") was passed in 1974. In passing the Act, Congress found that the "continued well-being and security of millions of employees and their dependents" depends directly on ensuring safeguards with respect to employee benefit plans. 29 U.S.C. § 1001(a).  Congress also found it to be "desirable in the interests of employees and their beneficiaries, for the protection of the revenue of the United States, and to provide for the free flow of commerce, that minimum standards be provided assuring the equitable character" of employee benefit plans under ERISA. *Id*.

5.     ERISA was enacted "to protect interstate commerce and the interests of participants in employee benefit plans and their beneficiaries . . . establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. §

1001(b). Section 510 of ERISA makes it unlawful "for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan." 29 U.S.C. § 1140.

6.     Plaintiff, CRYSTAL LEMAY, suffers from a disability that is also a chronic health condition, and that required surgical medical intervention necessitating the use of her medical health benefits, entitling her to benefits under the FMLA, ADAAA, FCRA, and ERISA.  Lemay made Defendant aware of her condition, her treatment plan, and her need for leave.  Lemay required hospitalization and surgery related to one of her disabilities and informed the CEO Nicole Kinsworthy and the Director of Human Resources, Shaiday Ventura, that due to her prior medical history her physician recommended a surgical intervention that would require her utilizing her FMLA leave.  Ms. Ventura acknowledged Ms. Lemay's accommodation and medical leave request, however Ms. Ventura asked that Ms. Lemay delay her surgery until January 2020.   Ms. Lemay accommodated the company's request and scheduled her surgery at a later date in January.  On or about January 9, 2020, a few days prior to her surgery, Lemay's employment was terminated.

7.     Accordingly,  Lemay seeks all available relief in law and equity, including but not limited to: (i) a declaration from this Court that

Defendant's actions were unlawful; (ii) back pay and front pay (where reinstatement is not feasible); (iii) medical expenses; (iv) compensatory damages in whatever amount she is found to be entitled; (v) liquidated damages in whatever amount she is found to be entitled; (vi) an award of interest, costs and reasonable attorney's fees and expert witness fees; (vii) punitive damages; (viii) equitable relief; (ix) declaratory relief; (x) pre-judgment and post-judgment interest (where allowable); and (xi) a jury trial on all issues so triable.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, 29 U.S.C. § 2617(a)(2) of the Family Medical Leave Act, Title I of the ADA, as amended and 29 U.S.C. § 1132(e) ERISA and has authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201 et seq.

9.     Venue is proper in this judicial district under 28 U.S.C. §1391 because Defendant does business in this judicial district and the majority of the acts complained of took place in this judicial district.

## PARTIES

10.     At all times material to this action, Plaintiff was a resident of Naples, Collier County, Florida.

11.     At all times material to this action, Defendant was and continues to be a Foreign Limited Liability Company, engaged in business in Florida

and doing business in Collier County, Florida.

12.     At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

13.     The FMLA defines the term "employer" to broadly include "any person acting directly or indirectly in the interest of an employer in relation to any employee".  29 U.S.C. 2611(4)(ii)(I).

14.     Defendant is an employer as defined under the FMLA.

15.     At all times relevant, Defendant was an "employer" as defined by 42 U.S.C. 12111(5).

16.     At all times relevant, Defendant was an "employer" as defined by Fla. Stat. 760, *et. seq.*

17.     From in or around February 11, 2018 to her termination on or about January 9, 2020, Plaintiff was employed by the Defendant as an Office Manager and Sales Coordinator.

18.     Defendant is an employer under the FMLA because it is engaged in commerce or in an industry affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

19.     At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by the employer(s) for at least 12 months and worked at least 1,250 hours during

6

the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

20.    At all times material hereto, Plaintiff had a serious medical condition that entitled her to take leave pursuant to the FMLA.

21.    At all times material hereto, Plaintiff has a disability as defined by 42 U.S.C. §12102 (1) and (2) that substantially limits one or more major life activities including major body functions.

22.    Plaintiff made this disability known to Defendant.

23.     Plaintiff made her need for leave known to Defendant and Plaintiff requested an accommodation for her disability by seeking leave to have surgery.

24.    At all times material hereto, Plaintiff is a "qualified individual" under the ADAAA since she can perform the primary duties of her job with or without an accommodation.  See 42 U.S.C. § 12111(8).

## CONDITIONS PRECEDENT

25.    Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission, which was dual filed with the Florida Commission on Human Rights.

26.    Lemay has exhausted her administrative remedies available to her.

27.    On or about January 3, 2022, the EEOC issued plaintiff a Notice of Right to Sue letter against Defendant with regard to this matter.  A copy of the letter is attached as **Exhibit A**.

28.    Jurisdiction over this claim is appropriate pursuant to Fla. Stat. Chap. 760 (FCRA), because more than 180 days passed since the filing of the charge, prior to the FCHR making a determination, and the Court has supplemental jurisdiction over Plaintiff's pendant state court claims as they arise out of the same facts as circumstances as the federal claims.

29.    Plaintiff files her complaint within the applicable statute of limitations.

30.    All conditions precedent to this action have been satisfied and/or waived.

## <u>GENERAL ALLEGATIONS</u>

31.    At all times relevant to this action, Defendant failed to comply with 29 U.S.C. § 2601, et seq., and 42 U.S.C. § 12101, *et. seq.*, because Plaintiff validly exercised her rights pursuant to the FMLA and Defendant (i) interfered with Plaintiff's right to take FMLA leave and to return from leave to the same or similar position; (ii) failed to provide Plaintiff with notice of her rights under the FMLA; (iii) discriminated against Plaintiff for taking or requesting FMLA leave; and (iv) retaliated against Plaintiff because she sought leave and/or would need leave.

32.     At all times relevant to this action, Defendant failed to comply with 42 U.S.C. § 12101 et. seq., and Fla. Stat. 760 et. seq., because Plaintiff disclosed the nature and extent of her disabilities, requested a reasonable accommodation and Defendant terminated Plaintiff because of her real or perceived disabilities.

33.     UCMS is a licensed contractor in the State of Florida that provides commercial, residential and multi-family re-roofing and roof repair services, window and door replacement and property management services.

34.     Lemay was hired in February 2018 as the Office Manager for Defendant's Naples location, 261 Airport Pulling Road, Naples, Florida.  Ms. Lemay's duties as Office Manager included assisting in the preparation, setup and opening of the new Naples office.

35.     In March 2019 Ms. Lemay was offered a new position as Sales Coordinator of the new location of Defendant's  Naples office.  Ms. Lemay's duties as Sales Coordinator included working with the salesmen on scheduling roof repairs, ordering materials, confirming that permits were applied for and obtained and that inspections were completed.

36.     In June 2019, Ms. Lemay trained personnel for the Fort Myers office and would schedule and conduct Management Meetings every two weeks in the Fort Myers office.

37.     On or about November 26, 2019, Lemay informed the CEO Nicole Kinsworthy and the Director of Human Resources, Shaiday Ventura, that due to her prior medical history her physician recommended surgery that would require her utilizing her FMLA leave.

38.     Ms. Ventura requested that Lemay delay her surgery until after the first of the year.

39.     Ms. Lemay acquiesced to the company's request and scheduled her surgery in January.

40.     On or about January 8, 2020, Ms. Lemay submitted her formal written request for FMLA leave, as directed by Ms. Ventura.

41.     On January 9, 2020, with direct and actual knowledge of Lemay's medical condition, her need for hospitalization and surgery, the Defendant terminated Lemay's employment.

42.     At the time of her termination, Lemay was employed as a full time Sales Manager earning approximately $45,000 per year.

43.     At the time of her termination, Plaintiff was qualified for her position.

44.     At all times relevant, Plaintiff was able to perform the essential functions of her job.

45.     At no time during her employment, and prior to January 9, 2020 did Defendant counsel or otherwise discipline Plaintiff for failure to follow Defendant's employee policies or procedures.

46.     At no time during her employment and prior to January 9, 2020 did Defendant counsel or otherwise discipline Plaintiff for violating any company policy.

47.     Defendant provided Plaintiff with health insurance as part of the company's employee benefit plan.

48.     At all times relevant to this action, Nicole Kinsworthy and Shaiday Ventura had direct knowledge of Lemay's disability and serious medical condition.

49.     At all times relevant to this action, Nicole Kinsworthy and Shaiday Ventura were aware of Lemay's intent to use her medical benefits for her scheduled surgery.

50.     Defendant's stated reason for termination was that Ms. Lemay's services were no longer needed.

51.     Defendant's reason for terminating Plaintiff was pretextual.

52.     Defendant's reason for terminating Plaintiff was manufactured, *post hoc*, after Plaintiff engaged in activities protected by the FMLA, ADAAA, ERISA, and the FCRA.

53.    Lemay had a disability; she made the Defendant aware of this disability, and submitted a formal request for FMLA leave.

54.    At the time of her termination, Plaintiff had requested FMLA covered leave.

55.    Plaintiff's request on November 26, 2019 to Nicole Kinsworthy and Shaiday Ventura of her impending hospitalization and surgery and need for FMLA leave was sufficient to alert Defendant that her absence from work during that time period was for FMLA covered leave.

56.    Defendant's request to Plaintiff that she delay her hospitalization and surgery until after the first of the year is a clear acknowledgment by Defendant of Plaintiff's need to take FMLA covered leave.

57.    Plaintiff's request for her need for FMLA covered leave was timely.

58.    Plaintiff's request for her need for FMLA covered leave complied with Defendant's company policy, if any, regarding requests for time off.

59.    Plaintiff suffered from a serious health condition as defined by the FMLA as her condition was:

     a.    An illness, injury impairment, or physical or mental condition involving inpatient care in a hospital;

     b.    An illness, injury impairment, or physical or mental condition involving a period of incapacity or subsequent treatment in connection with or consequent to in patient care in a hospital;

c. An illness, injury impairment, or physical or mental condition involving a period of incapacity of more than three (3) days involving treatment two or more times by a health care provider;

d. An illness, injury impairment, or physical or mental condition involving a regimen of continued treatment under supervision of a health care provider; and/or

e. An illness, injury impairment, or physical or mental condition requiring multiple treatments for a condition that would likely result in a period in capacity of more than three (3) consecutive calendar days in the absence of medical intervention or treatment.

60. Plaintiff was, at all times relevant, a qualified employee as defined by the FMLA, ADAAA and FCRA.

61. At all times relevant, Plaintiff provided Defendant with enough information so that Defendant could reasonably determine whether the FMLA, ADAAA and/or FCRA applied to her need for time off work.

62. Defendant's termination of Plaintiff on or about January 9, 2020 interfered with her right to take available FMLA-covered leave.

63. Defendant's termination of Plaintiff on or about January 9, 2020 interfered with her right to reinstatement to the same or similar position after taking available FMLA-covered leave.

64. Defendant's termination of Plaintiff on or about January 9, 2020 was in retaliation for Plaintiff's request to take FMLA-covered leave.

65. Defendant's termination of Plaintiff on or about January 9, 2020 was designed to dissuade Plaintiff's coworkers from taking FMLA-covered

leave and/or complaining about discriminatory, harassing and hostile treatment.

66.     Defendant fired Plaintiff in whole or in part because of her disability(ies) and/or perceived disability(ies).

67.     Defendant's termination of Plaintiff on or about January 9, 2020 interfered with the rights afforded to Plaintiff by the FMLA, ADAAA, ERISA, and the FCRA.

68.     Defendant's decision to terminate Plaintiff was motivated, in whole or in part, by the likelihood that Plaintiff would need FMLA-covered leave in the future.

69.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief.

70.     Defendant's decision to terminate Plaintiff was motivated, in whole or in part, by Plaintiff's exercising her rights under an employee benefit plan covered by ERISA (i.e. her need to seek medical treatment covered by her health insurance).

71.   Plaintiff's exercising of her rights to an employee benefit plan covered by ERISA and/or her likely need for future benefits under this ERISA-covered plan was a substantial or motivating factor in Defendant's decision to terminate her.

72.   Plaintiff's disability/perceived disability were a substantial or motivating factor in Defendant's decision to terminate her employment.

73.   Plaintiff's request for reasonable accommodation was a substantial or motivating factor in Defendant's decision to terminate her employment.

74.   Defendant's decision to terminate Plaintiff was not wholly unrelated to Plaintiff's need for time off work under the FMLA.

75.   Defendant's decision to terminate Plaintiff was not wholly unrelated to Plaintiff's disability/perceived disability under the ADAAA.

76.   Defendant's decision to terminate Plaintiff was not wholly unrelated to Plaintiff's exercising of her rights under an employee benefit plan covered by ERISA.

77.   Plaintiff was entitled to FMLA-covered leave pursuant to 29 U.S.C. §2612(a)(1).

78.   Defendant's actions violate the provisions of 29 U.S.C. §2615(a).

79.   Defendant's actions violate the provisions of 29 U.S.C. §2614(a).

80.     Defendant's actions constitute interference with Plaintiff's rights under the FMLA.

81.     Defendant's actions constitute retaliation in violation of Plaintiff's rights under the FMLA.

82.     Defendant's actions constitute discrimination in violation of Plaintiff's rights under the FMLA

83.     Defendant's actions constitute discrimination in violation of Plaintiff's rights under the ADAAA.

84.     Defendant's actions constitute discrimination in violation of Plaintiff's rights under Section 510 of ERISA.

85.     Defendant's actions constitute interference with Plaintiff's right to an employee benefit plan covered by ERISA.

86.     Defendant's actions constitute discrimination in violation of the FCRA.

87.     Defendant's actions constitute retaliation for requesting a reasonable accommodation under the ADAA and the FCRA.

88.     Defendant's actions were willful as Defendant knew or had reason to know that its actions violated federal law, yet Defendant acted wantonly or with reckless disregard for the law.

89.    Defendant is liable for the actions of its managers and/or agents taken within the scope of their employment with Defendant and its related entities, including the decision to terminate Plaintiff.

90.    Defendant's actions, if left unchecked, will deter other employees from exercising their rights under the FMLA, ADAAA, ERISA and/or the FCRA which will in turn thwart the purposes of Congress in ensuring that a balance exists between work and healthy workers.

## COUNT I
## INTERFERENCE WITH FMLA RIGHTS

91.    Plaintiff re-alleges paragraphs 1 through 90 of the Complaint, as if fully set forth herein.

92.    Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

93.    Defendant was Plaintiff's employer as defined by the FMLA.

94.    At all times relevant hereto, Defendant interfered with Plaintiff's right to take FMLA leave under the FMLA.

95.    At all times relevant hereto, Defendant's interference with Plaintiff's right to leave and to reinstatement violated the FMLA.

96.    Plaintiff suffered from a disability that also qualifies as a "serious health condition" within the meaning of the FMLA.

97.    Plaintiff's condition is "chronic" within the meaning of the FMLA.

98.   Plaintiff was entitled to FMLA protected leave.

99.   Defendant is subject to the requirements of the FMLA.

100.   Plaintiff provided adequate notice of her serious health condition to Defendant.

101.   Defendant was aware of Plaintiff's serious health condition and her need for FMLA protected leave.

102.   On November 26, 2019 Plaintiff verbally notified Defendant of her need for FMLA leave.

103.   Defendant failed to provide Plaintiff with notice of her FMLA rights upon learning of her need for leave.

104.   Plaintiff submitted a formal written request for FMLA leave on January 8, 2020.

105.   Plaintiff requested leave related to her serious medical condition.

106.   Plaintiff had not exhausted her entitlement to FMLA leave at the time.

107.   Defendant terminated Plaintiff with full knowledge of her need for hospitalization and surgery due to her medical condition and need to take FMLA leave during her hospitalization.

108.   Defendant interfered with the FMLA leave by terminating Plaintiff's employment after she requested FMLA leave.

109. By terminating Plaintiff, Defendant interfered with Plaintiff's right for leave, reinstatement and to future FMLA benefits.

110. Plaintiff was denied benefits to which she was entitled under the FMLA.

111. As a result of Defendant's intentional, willful and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

112. Plaintiff is entitled to liquidated damages because Defendant cannot show that its violation of the FMLA was in good faith.

113. Defendant's violation of the FMLA was willful, as its managers engaged in the above-described actions while knowing that same were impermissible under the FMLA.

114. Plaintiff demands a trial by jury.

WHEREFORE Plaintiff, CRYSTAL LEMAY, respectfully requests entry of:

a.   judgment in her favor and against Defendant for its interference with her rights under the FMLA;

b.   judgment in her favor and against Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c.   judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

d.   judgment in her favor and against Defendant for liquidated

damages;

e.  declaratory judgment that Defendant's actions toward Plaintiff violate Plaintiff's rights under the FMLA; and

f.  an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II
## FMLA RETALIATION

115.  Plaintiff re-alleges paragraphs 1 through 90 of the Complaint, as if fully set forth herein.

116.  At all times relevant hereto, Defendant retaliated against Plaintiff, at least in part because Plaintiff attempted to exercise her right to take leave from work that was protected under the FMLA.

117.  The Defendant terminated Plaintiff's employment after she submitted a formal written request to take FMLA covered leave.

118.  With actual knowledge of Plaintiff's need for leave, disability and chronic serious medical condition, the Defendant terminated Plaintiff's employment.

119.  At all times relevant hereto, Defendant retaliated against Plaintiff in violation of the FMLA.

120.  As a result of Defendant's intentional, willful and unlawful acts of retaliating against Plaintiff for exercising her rights pursuant to the

FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

121.  Because Defendant cannot prove that its violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

122.  Defendant's violation of the FMLA was willful, as its managers / human resource personnel engaged in the above-described actions while knowing that same were impermissible under the FMLA.

WHEREFORE, Plaintiff, CRYSTAL LEMAY, respectfully requests entry of:

a.  judgment in her favor and against the Defendant for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

b.  judgment in her favor and against the Defendant for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c.  judgment in her favor and against the Defendant for her reasonable attorneys' fees and litigation expenses;

d.  judgment in her favor and against Defendant for liquidated damages;

e.  declaratory judgment that Defendant's actions toward Plaintiff violate Plaintiff's rights under the FMLA; and

f.  an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT III
## DISCRIMINATION IN VIOLATION OF THE ADA

123.   Plaintiff re-alleges paragraphs 1 through 90 of the Complaint, as if fully set forth herein.

124.   At all times material hereto Plaintiff was an "employee" as defined by 42 U.S.C. § 12111(4).

125.   At all times   material hereto Defendant(s) was   and  is  an "employer" as defined by 42 U.S.C. § 12111(5)(a).

126.   At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of the ADAAA.

127.   Plaintiff was employed by Defendant.

128.   Defendant was Plaintiff's employer.

129.   Plaintiff has the requisite education and skills to perform and can perform the essential functions of her position.

130.   At all times material hereto, Plaintiff is a "qualified individual" under the ADAAA since she can perform the primary duties of her job with or without an accommodation.  See 42 U.S.C. § 12111(8).

131.   At all times material hereto, Plaintiff had a disability as defined by 42 U.S.C. §12102 (1) and (2) that substantially limits one or more major life activities including major body functions.

132.   Plaintiff is covered by the ADAAA because she is an individual who:

a. Has a physical impairment that substantially limits one or more major life activities or bodily functions;

b. Has a record of physical impairment that substantially limits one or more major life activities or bodily functions; and/or

c. Was regarded as having a physical impairment that substantially limits one or more major life activities or bodily functions.

133.     Plaintiff is protected by the ADAAA.

134.     Plaintiff made her disabilities known to Defendant and requested an accommodation for her disability.

135.     Plaintiff was perceived as disabled by Defendant.

136.     Defendant discriminated against Plaintiff because of her disability in violation of the ADA.

137.     With actual knowledge of Plaintiff's disability and need for hospitalization and surgery and her request for leave the Defendant terminated Plaintiff's employment.

138.     Defendant discriminated against Plaintiff because of her disability or perceived disability in violation of the ADA.

139.     Defendant discriminated against Plaintiff by failing to accommodate her disability in violation of the ADA.

140.     Defendant discriminated against Plaintiff because she exercised her rights under the ADA.

141. Defendant had actual or constructive knowledge of the discriminatory conduct of Plaintiff's supervisors.

142. Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

143. Defendant's discriminatory acts and omissions occurred, at least in part, because of Plaintiff's disability or perceived disability.

144. Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADAAA.

145. The Defendant's wrongful termination is discrimination on the basis of Plaintiff's disabilities, real or perceived, in violation of the ADAAA and 42 U.S.C. § 12112.

146. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

147. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

148. Defendant's violations of the ADAAA were willful.

WHEREFORE Plaintiff, CRYSTAL LEMAY respectfully requests entry of:

a.   judgment in her favor and against Defendant for violation of the anti-discrimination provisions of the ADAAA;

b.   judgment in her favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c.   judgment in her favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct;

d.   judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

e.   judgment in her favor and against Defendant for punitive damages;

f.   declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADA; and

g.   an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT IV
## FAILURE TO ACCOMMODATE (ADA)

149.   Plaintiff re-alleges paragraphs 1 through 90 of the Complaint, as if fully set forth herein.

150.   At all times material hereto Plaintiff was an "employee" as defined by 42 U.S.C. § 12111(4).

151.   At all times material hereto Defendant(s) was   and   is   an "employer" as defined by 42 U.S.C. § 12111(5)(a).

152.   At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of the ADAAA.

153.   Plaintiff was employed by Defendant.

154.   Defendant was Plaintiff's employer.

155.   Plaintiff has the requisite education and skills to perform and can perform the essential functions of her position.

156.   At all times material hereto, Plaintiff is a "qualified individual" under the ADAAA since she can perform the primary duties of her job with or without an accommodation.  See 42 U.S.C. § 12111(8).

157.   At all times material hereto, Plaintiff had a disability as defined by 42 U.S.C. §12102 (1) and (2) that substantially limits one or more major life activities including major body functions.

158.   Plaintiff is covered by the ADA because she is an individual who:

    a.   Has a physical impairment that substantially limits one or more major life activities or bodily functions;

    b.   Has a record of physical impairment that substantially limits one or more major life activities or bodily functions; and/or

c.   Was regarded as having a physical impairment that substantially limits one or more major life activities or bodily functions.

159.   Plaintiff is protected by the ADA.

160.   Plaintiff made her disabilities known to Defendant and requested an accommodation for her disability.

161.   Plaintiff's request for leave was a request for a reasonable accommodation pursuant to the ADAAA.

162.   Defendant failed to engage in the deliberative process in determining whether Plaintiff's requested accommodation was reasonable.

163.   Defendant failed to grant Plaintiff leave pursuant to available company policies or other federal or state statute.

164.   Defendant failed to accommodate Plaintiff by terminating her employment immediately after she submitted a formal written request for FMLA leave.

165.   Defendant's failure to accommodate Plaintiff was not reasonable nor was it justified by any legitimate business judgment.

166.   With actual knowledge of Plaintiff's disability, and need for a reasonable accommodation the Defendant terminated Plaintiff's employment.

167.   Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

168.   Defendant's conduct violated Plaintiff's right to a reasonable accommodation as guaranteed by the ADAAA.

169.   As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

170.   Plaintiff has no plain, adequate or complete remedy at law for the   actions of Defendant which have caused and continue to cause irreparable harm.

171.   Defendant's violations of the ADAAA were willful.

172.   Plaintiff demands a trial by jury.

WHEREFORE Plaintiff, CRYSTAL LEMAY, respectfully requests entry of:

    a.    judgment in her favor and against Defendant for violation of the anti-discrimination provisions of the ADA;

    b.    judgment in her favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

    c.    judgment in her favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

    d.    judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

e.   judgment in her favor and against Defendant for punitive damages;

f.   declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADA; and

g.   an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT V
## RETALIATION, INTERFERENCE, COERCION AND/OR INTIMIDATION OF PLAINTIFF FOR EXERCISING RIGHTS ADA

173.   Plaintiff re-alleges paragraphs 1 through 90 of the Complaint, as if fully set forth herein.

174.   Title I of the ADA, 42 U.S.C. § 12111 requires that Defendant provide reasonable accommodations to otherwise qualified employees, such as Plaintiff, with disabilities.

175.   During the time Plaintiff was employed by Defendant, Plaintiff engaged in protected activity under the ADA by requesting a reasonable accommodation.

176.   Plaintiff also opposed acts and practices made unlawful by the ADA including, but not limited to, failing to accommodate Plaintiff's disability, and/or subjecting Plaintiff to discrimination on the basis of her disability.

177.   Defendant retaliated and discriminated against Plaintiff for engaging in said protected activity.

178. During the time Plaintiff was employed by Defendant, she exercised and/or enjoyed rights granted and/or protected by the ADA, including, but not limited to, requesting and making use of reasonable accommodations for her disability.

179. Defendant interfered with Plaintiff in the exercise and/or enjoyment of rights granted and/or protected by the ADA.

180. Defendant terminated Plaintiff's employment after she exercised a right afforded under the ADA.

181. With actual knowledge of Plaintiff's, disability and upcoming hospitalization and surgery, Defendant terminated Plaintiff's employment.

182. As such, Defendant retaliated against Plaintiff.

183. Under the ADA, Defendant was legally obligated to refrain from retaliating against Plaintiff because of her request for accommodation for her disability.

184. Notwithstanding this obligation under the ADA and in willful violation thereof, Defendant retaliated against Plaintiff because she disclosed her disability and requested a reasonable accommodation.

185. As a direct and proximate result of Defendant's retaliation, interference, coercion and/or intimidation in violation of the ADAAA, Plaintiff has suffered damages in an amount to be determined at trial.

186. Plaintiff demands trial by jury.

WHEREFORE Plaintiff, CRYSTAL LEMAY respectfully requests entry of:

    a.    judgment in her favor and against Defendant for violation of the anti-retaliation provisions of the ADA;

    b.    judgment in her favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

    c.    judgment in her favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

    d.    judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

    e.    judgment in her favor and against Defendant for punitive damages;

    f.    declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADA; and

    g.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT VI
## UNLAWFUL DISCRIMINATION/RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (Fla. Stat. 760 et. seq.)

187.    Plaintiff re-alleges paragraphs 1 through 90 of the Complaint, as if fully set forth herein.

188.   Plaintiff's conditions substantially limited one or more of Plaintiff's major life activities. Plaintiff's condition was a disability or handicap as defined by the FCRA.

189.   Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

190.   Plaintiff requested a reasonable accommodation.

191.   Defendant was aware of Plaintiff's disability, and/or regarded Plaintiff as disabled.

192.   Defendant terminated Plaintiff on the basis of her disability or because Defendant regarded Plaintiff as disabled in violation of the FCRA.

193.   Further, Defendant terminated Plaintiff in retaliation for having requested a reasonable accommodation.

194.   As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits, compensatory damages, and reasonable attorney's fees and costs.

195.   Defendant engaged in discrimination against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

196.   Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination.

197.   Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful discrimination and retaliation.

198.  As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

199.  Plaintiff demand trial by jury.

WHEREFORE, Plaintiff, CRYSTAL LEMAY, respectfully requests entry of:

a.   judgment in her favor and against Defendant for violation of the anti-discrimination/anti-retaliation provisions of the FCRA;

b.   judgment in her favor and against Defendant for all economic damages, including but not limited to lost earnings, reinstatement, front pay in lieu of reinstatement, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c.   judgment in her favor and against Defendant for all compensatory damages suffered as a result of Defendant's conduct;

d.   judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

e.   judgment in her favor and against Defendant for punitive damages;

f.   declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the FCRA; and

g.   an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT VII
## FAILURE TO ACCOMMODATE  (FCRA)

200.    Plaintiff re-alleges paragraphs 1 through 90 of the Complaint, as if fully set forth herein.

201.    Plaintiff was an employee of Defendant within the meaning of the FCRA.

202.    Defendant was an employer within the meaning of the FCRA.

203.    Plaintiff's conditions substantially limited one or more of Plaintiff's major life activities.

204.    Plaintiff's conditions are disabilities or handicaps as defined by the FCRA.

205.    Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

206.    Plaintiff requested a reasonable accommodation.

207.    The Defendant was aware of Plaintiff's disability, and/or regarded Plaintiff as disabled because of her disability.

208.    The Defendant terminated Plaintiff on the basis of her disability or because Defendant regarded Plaintiff as disabled in violation of the FCRA.

209.    Defendant failed to reasonably accommodate Plaintiff, and further failed to engage in the necessary deliberative process.

210.  As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits, compensatory damages, and reasonable attorney's fees and costs.

211.  The Defendant's engaged in discrimination against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

212.  Plaintiff suffered emotional pain and mental anguish as a direct result of the Defendant's unlawful discrimination and retaliation.

213.  Plaintiff has suffered pecuniary losses as a direct result of the Defendant's unlawful discrimination and retaliation.

214.  As a result of the Defendant's unlawful discrimination and retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE  Plaintiff, CRYSTAL LEMAY, respectfully requests entry of:

a.   judgment in her favor and against Defendant for violation of the anti-discrimination/retaliation provisions of the FCRA;

b.   judgment in her favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c.   judgment in her favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d.   judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

e.  judgment in her favor and against Defendant for punitive damages;

f.  declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the FCRA; and

g.  an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT VIII
## <u>VIOLATION OF SECTION 510 ERISA</u>

215.  Plaintiff re-alleges paragraphs 1 through 90 of the Complaint, as if fully set forth herein.

216.  Defendant provided Plaintiff with an employee welfare plan as defined by 29 U.S.C. §1002(a), specifically health insurance.

217.  Beginning in 2018 and continuing until her unlawful termination, Plaintiff was enrolled in the benefits provided under the company's health insurance plan.

218.  Defendant's CEO  Nicole Kinsworthy and the Director of Human Resources, Shaiday Ventura was aware that Plaintiff needed hospitalization and surgery for her medical condition.

219.  Defendant knew or should have known that Plaintiff's utilization of her employee benefit plan would continue, particularly since she requested FMLA leave for her hospitalization to treat her medical condition.

220.  Defendant retaliated/discriminated against Plaintiff by terminating her employment.

36

221.   Defendant interfered with Plaintiff's right to exercise her ERISA-covered employee benefit plan.

222.   Defendant's termination of Plaintiff was designed, in part, to discourage other employees from taking sick days and/or filing claims under their employee benefit plans.

223.   Defendant terminated Plaintiff, in whole or in part, because Defendant did not wish to bear the costs of Plaintiff's healthcare.

224.   Defendant interfered with Plaintiff's right to obtain medical care.

225.   Defendant discriminated against and discharged Plaintiff for exercising her right to medical care under the company's employee benefit plan.

226.   Defendant terminated Plaintiff's employment in violation so 29 U.S.C. § 1140.

WHEREFORE, Plaintiff CRYSTAL LEMAY hereby demands entry of judgment in her favor and against Defendant, for any and all equitable relief available including but not limited to payment of all medical bills, statutory damages, reinstatement and back pay as required by ERISA, as well as payment of her attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 7th day of January 2022.

Respectfully submitted,

**MORGAN & MORGAN, P.A.**
8151 Peters Road
Suite 4000
Plantation, FL 33324

s/*Paul M. Botros*
Paul M. Botros, Esquire
FL Bar No.:  063365
Tel: 954-318-0268
Fax: 954-327-3017
E-mail: pbotros@forthepeople.com
*Trial Counsel for Plaintiff*